145 So. 116

## PERRY v. SANDERS et al.

### No. 31373.

Nov. 28, 1932.

Milling, Godchaux, Saal & Milling and Lawrence K. Benson, all of New Orleans, for appellant.

Shelby S. Reid, of Amite, for appellees.

O'NIELL, C. J.

This is a suit against the clerk of the district court and the surety on his official bond for interest on a sum deposited in the registry of the court by the Louisiana highway commission, in a concursus proceeding for the distribution of the fund among the claimants under a contract for the construction of a bridge. The plaintiff alleged that, by the provisions of section 9 of Act No. 205 of 1912, p. 420, it was made the duty of the clerk of court to deposit all such funds in the bank that was selected by the police jury as the fiscal agent of the parish, at the rate of interest paid to the parish. The clerk of court and the surety on his official bond averred in their answer to the suit that the fund was not deposited at interest, and did not bear interest, and pleaded that, in so far as section 9 of Act No. 205 of 1912 purported to be applicable to private funds deposited in the registry of the court, the law was violative of article 31 of the Constitution of 1898, requiring that the object of every statute should be expressed in its title. The requirement now is, according to section 16 of article 3 of the Constitution of 1921, that the title of every statute shall be indicative of its object. But that change in the language of the requirement of the Constitution is a matter of no importance here, because the title of Act No. 205 of 1912 is not even indicative of the object or intention of requiring that private funds deposited in the registry of a court, in a concursus proceeding for the distribution of such a fund, or in any proceeding for the determination of the ownership of such a fund, shall be deposited at interest in the bank that has been selected as the fiscal agent

of the parish. The district judge therefore held that, in so far as section 9 of the statute purported to be applicable to such a fund, the law was unconstitutional, and the judge therefore rejected the plaintiff's demand. He has appealed from the decision.

Section 9 of the statute declares:

"That all funds deposited in the registry of any court or coming into the hands of the Clerk of Court or sheriff in any judicial proceedings and not belonging to such officer, shall be deposited in the bank or banks previously selected by the Police Jury of the Parish as the fiscal agent of the Parish and at the same rate of interest paid to the Parish, subject, however, to any rule or order of the Court, except in the Parish of Orleans, where such funds shall be subject to such rules and regulations as may be prescribed by the Judges of the Civil District Court. The interest thus earned on such deposits shall accrue to the party or parties finally decreed to be entitled to the ownership thereof."

The title of the statute is:

"Providing for the selection of Fiscal Agencies for the State of Louisiana, and all Parishes, Municipalities, Boards, Commissions and other public bodies therein; for the deposit of public funds, the interest and other considerations to be paid therefor, the termination thereof, and the security to be given therefor and the realization upon such security in case of the failure of any Depositary, and repealing all acts in conflict herewith."

It is argued for the appellant that the courts are in the category of the "public bodies" referred to in the title of this statute. But the argument is not in accord with the context of the title, "Providing for the selection of Fiscal Agencies for the State of Louisiana, and all Parishes, Municipalities, Boards, Commissions and other public bodies therein," because the courts are not among the public institutions, or public bodies, that select fiscal agents. Besides, the title of the act indicates that it provides for the deposit of *public* funds only, and not for the deposit of private funds, viz. "For the deposit of public funds, the interest and other considerations to be paid therefor," etc.

Section 9 of Act No. 205 of 1912 was amended by Act No. 174 of 1918, but only in so far as the section purported to be applicable to the judicial depository of the civil district court for the parish of Orleans. That, of course, has nothing to do with the case before us.

The provisions of section 9 of Act No. 205 of 1912 appeared substantially in subsection (5) of section 2 of the Fiscal Agency Act of 1907, being Act No. 23 of the Extra Session of that year, the title of which act was: "Providing for the deposit of the public funds, the interest to be paid thereon, the security to be given therefor, the realization upon such security in case of the failure of any depositary and providing penalties for the violation of this Act." In subsection (5) of section 2 of the act it was provided: "As to funds deposited in the registry of any court or coming into the hands of the clerk of court or sheriff in any judicial proceeding, and not belonging to such officer, the same shall be deposited in the fiscal agency awarded the custody of the

funds of the parish," etc. The next Fiscal Agency Act adopted by the Legislature was Act No. 316 of 1910, having a title similar to that of Act No. 23 of the Extra Session of 1907. In adopting the act of 1910, the Legislature must have observed that the provision in the act of the Extra Session of 1907, for the depositing of private funds received by a clerk of court or sheriff, in a judicial proceeding, in the fiscal agency of the parish, was not appropriate to the title of the Fiscal Agency Act. Hence, instead of the provision in subsection (5) of section 2 of the Act of the Extra Session of 1907, this provision was made in the corresponding section and subsection of the act of 1910, viz.: "As to funds deposited in the registry of any court or coming into the hands of the clerk of court or sheriff in any judicial proceeding, and not belonging to such officer, the same shall be deposited as such officer shall deem best for their safe-keeping, subject however to any rules or order of the court," etc.

There is no good reason why the Legislature in session in 1912, in adopting section 9 of Act No. 205 of that session, should have reverted, as it did, to the idea that the provision in subsection (5) of section 2 of Act No. 23 of the Extra Session of 1907, concerning private funds held by a clerk of court or sheriff, and belonging to one or some of the parties to a judicial proceeding, was appropriate to the title of the Fiscal Agency Act. It is sufficient to say that this provision in section 9 of Act No. 205 of 1912 is not at all appropriate to the object of the act, as expressed or indicated in its title.

The judgment is affirmed.